ACCEPTED
08-24-00040-CV
EIGHTH COURT OF APPEALS
EL PASO, TEXAS
11/4/2024 3:51 PM
ELIZABETH G. FLORES
CLERK

08-24-00040-CV

## No. 08-24-00040-CV

IN THE EIGHTH COURT OF APPEALS

EL PASO, TEXAS

RECEIVED IN
8th COURT OF APPEALS
EL PASO, TEXAS
11/4/2024 3:51:51 PM
ELIZABETH G. FLORES
Clerk

**BUFORD-THOMPSON COMPANY, LLC *D/B/A* BTC,**

**Appellant,**

**v.**

**RANKIN INDEPENDENT SCHOOL DISTRICT,**

**Appellee.**

**On Appeal from the 112th Judicial District Court**
**Upton County, Texas**
**Trial Court No. 23-231-DCCV-05050**

FILED IN
8th COURT OF APPEALS
EL PASO, TEXAS
11/6/2024 8:00:00 AM
ELIZABETH G. FLORES
Clerk

## APPELLANT'S REPLY TO APPELLEE'S SUPPLEMENTAL BRIEF

### ORAL ARGUMENT REQUESTED

Mary H. Barkley
State Bar No. 24050737
mbarkley@canteyhanger.com
Maddie Royal
State Bar No. 24143366
mroyal@canteyhanger.com
**CANTEY HANGER LLP**
Cantey Hanger Plaza
600 W. 6th Street, Suite 300
Fort Worth, Texas 76102
(817) 877-2800
(817) 877-2807 – Facsimile

Stephanie Harrison
State Bar No. 24035708
stephanie@harrisonsteck.com
**HARRISON STECK**
505 Houston St., Suite 701
Fort Worth, Texas 76102
(817) 348-0400 Telephone
(817) 348-0406 Facsimile

**ATTORNEYS FOR APPELLANT,**
**BUFORD-THOMPSON COMPANY, LLC**
***D/B/A* BTC**

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................i

INTRODUCTION ................................................................................................1

ARGUMENT.......................................................................................................1

PRAYER..............................................................................................................4

CERTIFICATE OF COMPLIANCE ..................................................................5

CERTIFICATE OF SERVICE............................................................................6

APPENDIX ..........................................................................................................1

## INTRODUCTION

The District, in its effort to fit this case into a line of cases supporting its immunity argument, cites a recent opinion from the Corpus Christi Court of Appeals. *Edcouch-Elsa Indep. Sch. Dist. v. Comprehensive Training Ctr., LLC*, No 13-23-00108-CV, 2024 WL 3708934 (Tex.App.—Corpus Christi—Edinburg Aug. 8, 2024, pet. filed). That case has been appealed to the next level, is in line with other cases cited by the District, and merely affirms the notion that a school district's immunity is waived under Chapter 271 only when a contract is "properly executed." *Id.* at *7.

The *Edcouch-Elsa ISD* case is superfluous authority because it is based on a different set of facts and does not involve Chapter 176 of the Texas Local Government Code. Moreover, the holding in the *Edcouch-Elsa ISD* case does not change the existence of fact issues in this case—whether ((1) the District acted within its discretion when it voided the Contract after the Contract had terminated and it had been sued, (2) BTC complied with section 176.006 given its lack of knowledge of any violation, and (3) BTC complied with section 176.006 after notice. Here, unlike the supplemental case, there are fact issues precluding dismissal for lack of jurisdiction.

## ARGUMENT

The *Edcouch-Elsa ISD* case is factually distinguishable from this case. The dispute in *Edcouch-Elsa ISD* arose after the superintendent contracted with a grant-provider service and it sued the district after non-payment. *Id.* at *1. In moving to dismiss the suit, the district asserted that the contracts

were not properly executed because the superintendent did not have authority to enter into contracts for the purchase of services that cost $25,000 or more without board approval. *Id.* The district argued that the grant-provider contracts at issue were over $25,000 each and there was no evidence the board had approved them. *Id.* The evidence was largely undisputed.

The grant-provider argued, however, that the contracts at issue did not truly "cost" $25,000 because they were contingency-based on the amounts of grant revenue the district received. *Id.* The court of appeals rejected this argument based on its review of the relevant provisions of the Texas Education Code and that district's internal policies. *Id.* at *3. Ultimately, the court of appeals held that in order "for immunity to be waived under Chapter 271, there must be a 'written contract stating the essential terms of the agreement for providing goods or services to the local governmental entity.'" *Id.* Because the evidence established that "the [school] board was not aware of the contracts, did not consider the contracts, and did not approve of the contracts in violation of the Texas Education Code and the district's local policy." *Id.* at *5-6. Therefore, the superintendent had no authority to enter into those contracts, and, thus, the contracts were not "properly executed" for purposes of Chapter 271. *Id.* at *7.

These types of facts are not present here. The District does not allege that the superintendent did not have authority to contract with BTC at the inception. In fact, there is no dispute that the District's Board approved the Contract when it was entered. CR 15. Rather, the District argues that it is

entitled to void its contract with BTC after it was partially performed and then terminated. There is a fact issue as to the efficacy of the District's post-contract voidance. Section 176.006 of the Texas Local Government Code is directly incorporated into Section 176.013(e), the statute giving the District discretion to void the Contract.

Section 176.013(e) provides:

> The governing body of a local governmental entity may, **at its discretion**, declare a contract void if the governing body determines that a vendor failed to **file a conflict of interest questionnaire required by Section 176.006**.

Tex. Loc. Gov't Code §176.013(e) (emphasis added).

Section 176.006 requires a vendor to file a completed Conflict of Interest Questionnaire ("CIQ") within seven days of when the *vendor becomes aware* that there is a business relationship or gifts which must be reported. Tex. Loc. Gov't Code § 176.006 (a-1)(2) (emphasis added). BTC submitted a CIQ on December 2, 2022. Supp. CR 87. The CIQ was later updated when BTC became aware of a potential violation. CR 76, 412-414. BTC's evidence established that it was not aware of any violation at the time of its Contract and it supplemented its disclosures almost immediately after notice from the District. CR 76, 412-414.

Additionally, Section 176.006 states that "*[t]he validity of a contract between a vendor and a local government entity is not affected solely because the vendor fails to comply with this section.*" Tex. Loc. Gov't Code § 176.006 (i) (emphasis added). This provision has been analyzed recently in a Texas Attorney General Opinion, which concluded that "chapter 176 does

not prohibit a contract between a local government entity and a vendor when" a conflict issue exists. Tex. Atty. Gen. Op. No. KP-0428, 3 (Feb. 10, 2023) (attached as **Appendix 1** to this Brief). Rather, Chapter 176 requires only that a local government office and the vendor file a specified disclosure form. Tex. Loc. Gov't Code § 176.003.

Unlike *Edcouch-Elsa ISD*, which could not cure the contract execution issue, absent board approval, BTC cured any violation, negating any voidability of the Contract. The District's unilateral declaration that the BTC Contract was void—after it was already terminated—did not render the contract "not properly executed" as a matter of law for purposes of waiver of immunity under Chapter 271 of the Texas Civil Practice and Remedies Code. BTC raised fact questions related to the propriety of the District's attempt to void the Contract, and those fact questions should be resolved in a trial on the merits.

## PRAYER

The trial court erred in granting the District's plea to the jurisdiction and this Court should reverse the trial court's order so that the parties can pursue the merits of BTC's claims.

Respectfully submitted,

*/s/ Mary H. Barkley*
Mary H. Barkley
State Bar No. 24050737
mbarkley@canteyhanger.com
Maddie Royal
State Bar No. 24143366
mroyal@canteyhanger.com
CANTEY HANGER LLP
Cantey Hanger Plaza
600 W. 6th Street, Suite 300
Fort Worth, Texas 76102
(817) 877-2800
(817) 877-2807 – Facsimile

Stephanie Harrison
State Bar No. 24035708
stephanie@harrisonsteck.com
**HARRISON STECK**
505 Houston St., Suite 701
Fort Worth, Texas 76102
(817) 348-0400 Telephone
(817) 348-0406 Facsimile

**ATTORNEYS FOR APPELLANT**

## CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of Tex. R. App. P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the word-count limitations of Tex. R. App. P. 9.4(i), if applicable, because it contains 978 words, excluding any exempt parts.

*/s/ Mary H. Barkley*
MARY H. BARKLEY

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2024, a true and correct copy of the foregoing *Appellant's Brief* has been served on all parties via electronic service.

 */s/ Mary H. Barkley*
MARY H. BARKLEY

# APPENDIX

The Honorable James M. Tirey, Tex. Atty. Gen. Op. KP-0428 (2023)

APPENDIX 1



Tex. Atty. Gen. Op. KP-0428 (Tex.A.G.), 2023 WL 2025313

Office of the Attorney General

State of Texas
Opinion No. KP-0428
February 10, 2023

**\*1** Re: Whether the City's employment of an attorney who is the son-in-law of the city manager constitutes a conflict-of-interest under chapter 176 of the Local Government Code or the Texas Disciplinary Rules of Professional Conduct (RQ-0469-KP)

The Honorable James M. Tirey
Hale County Attorney
500 Broadway, Suite 340
Plainview, Texas 79072

Dear Mr. Tirey:

You ask two questions about the employment of a law firm by a city. [1] You inform us that the city manager for the City of Petersburg ("City") began working for the City in April of 2020. The City began using a certain law firm (the "Firm") in June 2020. [2] Request Letter at 1. You further state that the city manager's son-in-law "joined the Firm as an associate in August, 2021, and performed some legal work on behalf of the Firm for the City." *Id.* at 1-2. You ask first whether the City's employment of the Firm "constitute[s] an impermissible conflict of interest under Chapter 176 of the Texas Local Government Code[.]" [3] *Id.* at 1. We understand you to ask whether chapter 176 allows a city to contract with a law firm when the law firm employs the son- in-law of the city manager.

**Chapter 176 of the Local Government Code**

Chapter 176 requires the filing of certain disclosure statements in specified circumstances. *See* TEX. LOC. GOV'T CODE §§ 176.002 ("Applicability to Vendors and Other Persons"), 176.003 ("Conflicts Disclosure Statement Required"), 176.006 ("Disclosure Requirements for Vendors and Other Persons; Questionnaire"). The chapter applies to a "vendor" and "a local government officer of a local governmental entity." *Id.* § 176.002(1), (2). Chapter 176 defines a "local government entity" to include municipalities. *Id.* § 176.001(3). It defines a "local government officer" to include "an administrator ... or other person designated as the executive officer of a local governmental entity," and "an agent of a local governmental entity who exercises discretion in the planning, recommending, selecting, or contracting of a vendor." *Id.* § 176.001(4)(B), (C); *see also id.* § 176.001(1) (defining ""agent"). Thus, while you do not provide details of the city manager's duties and authority, the city manager is likely a local government officer of a local governmental entity subject to chapter 176. Further, the Firm meets chapter 176's definition of a "vendor"D—'F'a person who enters or seeks to enter into a contract with a local governmental entity" and the person's agents. [4] *Id.* § 176.001(7); *see also id.* § 176.001(1-d) (defining "contract" to mean "a written agreement for the sale or purchase of ... services"), (6) (defining ""services" to include "skilled ... professional services").

**\*2** Because the city manager and the Firm are likely subject to chapter 176, we next consider the chapter's disclosure-filing requirements. Section 176.003 requires a local government officer to file a conflicts disclosure statement with the local governmental entity's records administrator if, as pertinent here: (1) the local governmental entity has executed a contract with a vendor or considers such a contract; and (2) the vendor "has an employment or other business relationship with ... a family member of the officer that results in the ... family member receiving taxable income [exceeding] $2,500 during the 12-month period preceding the date that the officer becomes aware" of the local governmental entity's execution or consideration of a contract with the vendor. *Id.* § 176.003(a)(1), (2)(A).

As used in chapter 176, a "family member" is "a person related to another person within the first degree by consanguinity [i.e., by blood] or affinity [[i.e., by marriage]," as described by specified nepotism statutes. *Id.* § 176.001(2). The applicable nepotism statute instructs that "[t]wo individuals are related to each other by affinity if: (1) they are married to each other; or (2) the spouse of one of the individuals is related by consanguinity to the other individual." TEX. GOV'T CODE § 573.024(a). A father-in-law and son-in-law are related to each other within the first degree of affinity. *See id.*; Tex. Att'y Gen. Op. No. GA-0186 (2004) at 3 (determining that an individual's relatives within the first degree by consanguinity include the spouse of the individual's child). Thus, the city manager has a duty to file a disclosure statement because the Firm contracting with the City also employs the city manager's son-in-law. For similar reasons, the Firm has a duty to complete and file a conflict-of-interest questionnaire. *See* TEX. LOC. GOV'T CODE § 176.006(a)(1) (requiring a questionnaire from a vendor who has a business relationship with a local governmental entity and has an employment or business relationship with a family member of a local government officer of the entity); *see also id.* § 176.001(1-a) (defining "business relationship"). [5]

Accordingly, in answer to your first question, chapter 176 does not prohibit a contract between a local government entity and a vendor when one of the business or family relationships described in the chapter exists. *See id.* § 176.006(i) (providing that the validity of a contract is not affected solely because a vendor fails to file the required disclosure). Rather, it requires only that a local government officer and the vendor file a specified disclosure form. *See id.* §§ 176.003, .006.

**Texas Disciplinary Rules of Professional Conduct**

Your second question asks whether the City's employment of the Firm "constitute[s] an impermissible conflict of interest under the Texas Disciplinary Rules of Professional Conduct[.]" Request Letter at 1. The Texas Disciplinary Rules of Professional Conduct ("Rules") govern and provide guidance to enable a lawyer to evaluate the lawyer's potential conflicts of interest. *See* TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.06(a), *reprinted in* TEX. GOV'T CODE, tit. 2, subtit. G, app. A (Tex. State Bar R. art. X, § 9). The conflict-of-interest rules concern not only potential conflicts between the interests of different clients, but also between the interest of a client and the lawyer's own interest or that of the lawyer's law firm. *See id.* preamble ¶ 7. However, this office has consistently explained that application of the Rules to particular circumstances involves fact-intensive questions outside the scope of the Attorney General opinion function. *See* Tex. Att'y Gen. Op. Nos. KP-0400 (2022) at 4, GA-0716 (2009) at 2, GA-0557 (2007) at 3. Accordingly, we cannot answer your second question.

<u>**SUMMARY**</u>

 **\*3**  Chapter 176 of the Local Government Code requires disclosure when a local government entity contracts or considers contracting with a vendor with whom a local government officer of the entity has a specified employment, business, or family relationship. Chapter 176 likely applies when a law firm contracts with a city and the law firm employs the son-in-law of the city manager. The chapter does not prohibit a contract in such circumstances, but it requires the officer to file a conflict-of-interest statement and the vendor to file a conflict-of-interest questionnaire.

Whether a lawyer or law firm's employment in particular circumstances would constitute a conflict-of-interest under the Texas Disciplinary Rules of Professional Conduct involves fact- intensive questions that cannot be resolved in an Attorney General opinion.

 Very truly yours,

Ken Paxton
Attorney General of Texas
Brent E. Webster
First Assistant Attorney General
Lesley French
Chief of Staff

D. Forrest Brumbaugh
Deputy Attorney General for Legal Counsel
Austin Kinghorn
Chair
Opinion Committee
Charlotte M. Harper
Assistant Attorney General
Opinion Committee

---

## Footnotes

1    *See* Letter from Honorable James M. Tirey, Hale Cnty. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (July 14, 2022), https://texasattorneygeneral.gov/sites/default/files/request-files/request/2022/RQ0469KP.pdf ("Request Letter").

2    *See* City of Petersburg Council Meeting Minutes at 1 (June 11, 2020) (council action accepting the Firm's letter of legal services engagement agreement), *available at* https://petersburgtx.com/city-council/agenda-minutes/.

3    You state that "[a]s a preliminary matter, the nepotism provisions in Chapter 573 of the Texas Government Code and the conflict-of-interest provisions in Chapter 171 of the Texas Local Government Code do not appear to apply," and you do not ask any questions about those provisions. Request Letter at 2.

4    *See also* TEX. GOV'T CODE § 311.005(2) (providing that "person" in a statute is generally construed as including a "corporation, organization, ... partnership, association, and any other legal entity"); TEX. LOC. GOV'T CODE § 1.002 (stating that chapter 311 of the Government Code generally applies to the construction of the Local Government Code).

5    The Local Government Officer Conflicts Disclosure Statement and the Conflict-of-Interest Questionnaire forms can be found on the Texas Ethics Commission's website. *See* https://www.ethics.state.tx.us/forms/conflict/.

Tex. Atty. Gen. Op. KP-0428 (Tex.A.G.), 2023 WL 2025313

---

    © 2024 Thomson Reuters. No claim to original U.S. Government Works.

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Tamara Robbins on behalf of Mary Barkley
Bar No. 24050737
trobbins@canteyhanger.com
Envelope ID: 93914224
Filing Code Description: Brief Requesting Oral Argument
Filing Description: Appellant's Reply to Appellee's Supplemental Brief
Status as of 11/6/2024 4:07 PM MST

Associated Case Party: Buford-Thompson Company d/b/a BTC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Holly Steck | | holly@harrisonsteck.com | 11/4/2024 3:51:51 PM | SENT |
| Kelly Winkenweder | | kwinkenweder@harrisonsteck.com | 11/4/2024 3:51:51 PM | SENT |
| Mary H.Barkley | | mbarkley@canteyhanger.com | 11/4/2024 3:51:51 PM | SENT |
| Tamara Robbins | | trobbins@canteyhanger.com | 11/4/2024 3:51:51 PM | SENT |
| Maddie G.Royal | | mroyal@canteyhanger.com | 11/4/2024 3:51:51 PM | SENT |

Associated Case Party: Rankin Independent School Dostrict

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Michelle Alcala | | malcala@leonalcala.com | 11/4/2024 3:51:51 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Stephanie Harrison | 24035708 | stephanie@harrisonsteck.com | 11/4/2024 3:51:51 PM | SENT |
| Stephen Harrison | 9126500 | sharrison@HarrisonSteck.com | 11/4/2024 3:51:51 PM | SENT |
| E Service | | eservice@leonalcala.com | 11/4/2024 3:51:51 PM | SENT |
| Sara Leon | | sleon@leonalcala.com | 11/4/2024 3:51:51 PM | SENT |
| R[ @¸Á Áᖇ[•^] @Ɽæ}••^} | | jjanssen@leonalcala.com | 11/4/2024 3:51:51 PM | SENT |
| Scharli Branch | | sbranch@canteyhanger.com | 11/4/2024 3:51:51 PM | SENT |
| Scharli Branch | | sbranch@canteyhanger.com | 11/4/2024 3:51:51 PM | SENT |
| Sarah Reynolds | | sreynolds@leonalcala.com | 11/4/2024 3:51:51 PM | SENT |
| Victoria Olivarez | | volivarez@leonalcala.com | 11/4/2024 3:51:51 PM | SENT |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Tamara Robbins on behalf of Mary Barkley
Bar No. 24050737
trobbins@canteyhanger.com
Envelope ID: 93914224
Filing Code Description: Brief Requesting Oral Argument
Filing Description: Appellant's Reply to Appellee's Supplemental Brief
Status as of 11/6/2024 4:07 PM MST

Case Contacts

| Victoria Olivarez | | volivarez@leonalcala.com | 11/4/2024 3:51:51 PM | SENT |
| Deborah Keenum | | dkeenum@smithrose.com | 11/4/2024 3:51:51 PM | SENT |